ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC - 7 2009

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIEVA STEWART, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION FILE |
| JACOB LAW GROUP, PLLC, a Mississippi professional limited liability company, and | : NO. 1:09-CV-3445 |
| JACOB COLLECTION GROUP, LLC, a Mississippi limited liability company, | : |
| Defendant. | : |

CAP

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This is an action for damages against the defendants for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

### SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

## PARTIES AND PERSONAL JURISDICTION

3. Plaintiff is a resident of this State, District and Division and is authorized by law to bring this action.

4. Defendant, JACOB LAW GROUP, PLLC, is a professional limited liability company organized under the laws of the State of Mississippi. [Hereinafter, said Defendant is referred to as "JLG"].

5. JLG transacts business in the State of Georgia.

6. JLG's transactions in Georgia give rise to the Plaintiff's cause of action.

7. JLG is subject to the jurisdiction and venue of this Court.

8. JLG may be served by personal service upon its registered agent in the State of Mississippi, to wit: Richard DeVoe, 1420 North Lamar, Suite 101, Oxford, Mississippi 38655.

9. Defendant, JACOB COLLECTION GROUP, LLC, is a limited liability company organized under the laws of the State of Mississippi. [Hereinafter, said Defendant is referred to as "JCG"].

10. JCG transacts business in the State of Georgia.

11. JCG's transactions in Georgia give rise to the Plaintiff's cause of action.

12. JCG is subject to the jurisdiction and venue of this Court.

13. JCG may be served by personal service upon its registered agent in the State of Mississippi, to wit: Richard DeVoe, 1420 North Lamar, Suite 101, Oxford, Mississippi 38655.

14. Alternatively, Defendants may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia or Mississippi.

## FACTS COMMON TO ALL CAUSES

15. Defendants use the mails in its business.

16. Defendants use telephone communications in its business.

17. The principle purpose of Defendants' business is the collection of debts.

18. Defendants regularly collect or attempt to collect debts owed or due, or asserted to be owed or due, another.

19. Defendants are debt collectors subject to the provisions of the Fair Debt Collection Practices Act.

20. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, Defendants communicated with

Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

21. In or around November 2009, Defendants left a series of telephone messages for Plaintiff requesting a return call.

22. In the messages, Defendants did not meaningfully disclose their identity.

23. In the messages, Defendants did not state that the communications were from a debt collector.

24. In the messages, Defendants did not state that the communications were an attempt to collect a debt.

25. Defendants' communications violate the Fair Debt Collection Practices Act.

26. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION

## FAIR DEBT COLLECTION PRACTICES ACT

27. The acts of Defendants constitute violations of the Fair Debt Collection Practices Act.

28. Defendants' violations of the FDCPA include, but are not limited to, the following:

29. The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

30. The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e; and

31. The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

32. As a result of Defendants' actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANTS AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c)   That the Court declare each and every defense raised by Defendants to be insufficient; and

d)   That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted,

*/s/ James M. Feagle*

James M. Feagle
Georgia Bar No. 256916
Kris Skaar
Georgia Bar No. 649610
Justin T. Holcombe
Georgia Bar No. 552100

**SKAAR & FEAGLE, LLP**
108 East Ponce de Leon Avenue
Suite 204
Decatur, GA 30030
404 / 373-1970
404 / 601-1855 fax